UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

----------------------------------------------------------------
In re
    MICHAEL J. RYSZKA

Case No. 17-11041K

                             Debtor(s)
----------------------------------------------------------------

EDWARD LAWRENCE
                          Plaintiff(s)

      -vs-

AP No. 17-1047K

MICHAEL J RYSZKA

                          Defendant(s)
----------------------------------------------------------------

Paul M. Pochepan, Esq.
Thomas B. Hughes, Esq.
Hogan Willig, PLLC
2410 North Forest Road
Suite 301
Getzville, NY 14068

ATTORNEY FOR PLAINTIFF

Arthur G. Baumeister, Jr., Esq.
Baumeister Denz LLP
174 Franklin Street, Suite 2
Buffalo, NY 14202

ATTORNEY FOR DEFENDANT

OPINION AND ORDER DISMISSING ADVERSARY PROCEEDING AS UNTIMELY

    Here we have a late-filed dischargability complaint leading to the Debtor's motion to dismiss the complaint as late-filed. Plaintiff's counsel has filed an affirmation of his own. It is always refreshing when counsel might offer something of counsel's personal knowledge, rather than turning a client's unfortunate tale into counsel's own attestation. However, even such worthy efforts

by counsel have possible pitfalls.  That seems to be the case here.  But although that affirmation is dispositive here, that does not necessarily mean that Plaintiff had a viable §523 objection.

In the case of *LaDuca v. Vescio, Jr.,* AP No. 93-1191(Bank. WDNY, 1994), (copy attached), this Court sought to make it clear that an attorney may not "bounce in and out" of a bankruptcy case, complicating matters for opponents and for the Court.  That case dealt with a lawyer who withdrew from representation of a debtor before he gratuitously injected an affidavit claiming that he had negotiated a verbal stipulation extending time for that debtor to answer a §523 complaint.  The present case is factually and procedurally distinct, but is not entirely different.

Here, counsel for a creditor (and who still represents that client) injects an affirmation of his own in support of the late-filed §523 complaint.  The "bouncing in and out" is presented by his declaration that he called the Plaintiff on May 20, 2017 to inform him that the Debtor had filed for relief under Chapter 7 on May 18, 2017 and that Plaintiff instructed him, on that call, not to do anything more because the Plaintiff already owed HoganWillig more than he could afford to pay.

What counsel's affirmation does not say is what this Court must presume was said to the Plaintiff on that same call.[1]  The Court presumes that the firm advised its client that some debts can be excluded from bankruptcy discharge; that as to debts arising from alleged fraud, a complaint must be filed under §523(a)(2); that such a complaint has to be filed within a short time frame; that the Plaintiff would not need an attorney to file such a complaint; that the firm could make a simple motion seeking to extend the time for its client to file such a complaint, or even that the client could make such a motion himself, in the form of a letter.  And so forth and so on.

---

[1] This writer never <u>presumes</u> that an attorney gave bad advice in a discussion that unequivocally occurred.

Because the Court presumes that the Plaintiff was so advised by the HoganWillig firm, this late complaint must be dismissed.[2]

It is ORDERED that the complaint is dismissed as late-filed.

Dated:    Buffalo, New York
          December 7, 2017

                                                            /s/ Michael J. Kaplan
                                                            _____
                                                            U.S.B.J.

---

[2] The Court has read the Plaintiff's arguments. If his claims of fraud are true, then it is truly unfortunate that he did not seek relief here in a timely fashion. However, Debtor's counsel insisted at oral argument that a state court arbiter found that there was no fraud. If that is so, then this late complaint might not have succeeded even if it had been timely filed. The Court also has considered Plaintiff's argument that after the May 20, 2017 conversation with his counsel, he was lulled into a false sense of security by the fact that the Trustee filed a Motion to Dismiss this case after the Debtor failed to appear at the initial §341 Meeting, which the Plaintiff did attend. Plaintiff apparently was unable to attend the adjourned §341 Meeting, but the Debtor did attend and the Trustee withdrew the Motion to Dismiss. That might pose an interesting question in a different case. (For example, this writer would be astonished if any trustee here would have told this creditor (or any other creditor) not to bother to file something in writing with the Court to protect his or her rights, but that might be a triable matter. Another example is this: If an attorney were to give bad advice to a creditor based upon a debtor's failure to appear at a §341 meeting and a Chapter 7 trustee's Motion to Dismiss, that would be a matter for a non-bankruptcy forum, dealing with possible attorney malpractice.)

```
```

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------
In re

    ANTHONY F. VESCIO, JR.        Case No. 93-10875 K

            Debtor
------------------------------------
ROBERT F. LADUCA, JR.

            Plaintiff

    -vs-                              AP 93-1191 K

ANTHONY F. VESCIO, JR.

            Defendant
------------------------------------

        Robert F. LaDuca, Jr., Esq.
            631 Main Street
       Niagara Falls, New York   14301

Plaintiff and Attorney for Debtor's Ex-Spouse

        Anthony F. Vescio, Jr., pro se
           920 Mohawk Street
          Bldg. 4, Apt. 327
       Lewiston, New York   14092

      The plaintiff in this Adversary Proceeding is an attorney who represented this Chapter 7 Debtor's former wife in an action for a divorce brought by this Debtor against his wife in 1991. The attorney seeks a determination that the judgment obtained by him in the amount of $1,000 plus interest and costs, granted February 20, 1992, is non-dischargeable under 11 U.S.C. § 523(a)(5) and binding second circuit authority in the case of *In re Spong*, 661 F.2d 6 (1981). He has moved for Summary Judgment on the pleadings.

      The Debtor has appeared in this Adversary Proceeding pro

se.[1] He argues that his own attorney assured him that the debt to the plaintiff was dischargeable in bankruptcy and that he acted in reliance on that advice. He also argues that the plaintiff has been harassing him and has caused him great anxiety. He insists that he did not agree to the stipulation in the matrimonial court by which he was obliged to pay $1,000 in attorneys fees to the plaintiff as and for counsel fees for representing his wife in the divorce action. He further argues that his former wife did not give the plaintiff permission or direction to obtain a judgment against him for these fees, and he points out that there "is no direct mention" that the award of attorneys fees was "related to alimony, maintenance or support." He concludes that it was not in such nature and should be declared discharged.

If the Debtor's bankruptcy attorney misjudged the scope

---

[1] This proceeding has been made unduly complicated by the actions of the Debtor's bankruptcy attorney. Although he purports not to represent the Debtor in this Adversary Proceeding, he elected to interpose an "Affidavit" taking issue not only with the plaintiff's correspondence by which the plaintiff sought (and at one point obtained) default judgment in these proceedings, but also stating that "It is this deponent's belief that if [this matter] did proceed on the merits that [the debtor's pro se] Answer would be sustained and the Judgment not be entered as this debt is dischargeable in bankruptcy pursuant to Section 523(a)(5)." An attorney cannot "almost" or "sort of" represent a client in this court. Furthermore, if he wants to be a witness, he should be a witness. Attorneys are officers of the Court and are to clarify the matters at bar, not muddle them. They certainly ought not to be flitting about interposing affidavits raising issues of fact and issues of law and then turning their backs, leaving it for their opponents, their "pro se" clients, and the Court to sort those issues out.

of the *Spong* case and its progeny, then that is a matter between the Debtor and his attorney; it is not a basis on which relief may be denied the plaintiff.

If the Debtor did not agree to the stipulation by which he promised to pay $1,000 to his wife's attorney, then he and his matrimonial attorney neglected to make that known to the matrimonial court. Exhibit A of the plaintiff's Complaint is a portion of a transcript of proceedings before a matrimonial Referee on June 22, 1991, wherein the plaintiff represents to the Referee that the Debtor "has agreed to issue a check, dated today, in the amount of $1,000 payable to Robert F. LaDuca, Jr. [the plaintiff] as and for counsel fees for representing his wife in this matter." Exhibit B is a copy of a judgment of a Justice of the State Supreme Court entered upon the Referee's report, wherein Justice Joslin "Ordered, Adjudged and Decreed, that the Oral Stipulation entered into between the parties on the 27th day of June, 1991 ... shall be incorporated by reference into and shall serve and shall not be merged in this judgment, and the parties hereby are directed to comply with every legally enforceable term and provision of such agreement as if such term or provision were set forth in its entirety herein...." That judgment was granted on October 16, 1991. A money judgment "for arrears in the payment of attorneys fees" was granted to the plaintiff by a different Justice, upon an Order to Show Cause, on February 20, 1992. The plaintiff was not required to obtain his own client's permission to pursue the

Debtor's promise to pay him $1,000, and if the Debtor has ever challenged the divorce judgment or the money judgment on grounds of his never having agreed to the attorneys fee provision or on other grounds, he has provided no evidence thereof and will not be heard to collaterally attack those judgments now.

Consequently, the only issue of substance to be addressed is the fact that the stipulation before the Referee, the matrimonial judgment, and the money judgment are devoid of any specific mention of "alimony, maintenance and support" in connection with the attorneys fees. The Debtor appears to be under the misapprehension that an award must clearly state that it is "in the nature of alimony, maintenance or support," before it may be treated as such and declared non-dischargeable. In fact, the law is precisely the opposite: even if a State Court Judge has specifically made an award that he or she calls a "property settlement," the Bankruptcy Court may find the obligation in question to be a non-dischargeable support order. See, for example, *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir. 1984). As to attorneys fees specifically, it has been said that "Generally, a divorce court's award of attorneys fees in connection with an alimony, maintenance or support decree is considered to be in the nature of alimony, maintenance or support and thus excepted from discharge.... One rationale for this result is that such a fee award may be essential to a spouse's ability to sue or defend a matrimonial action. Such fee awards are also considered support on

the ground that the recipient spouse has received a direct benefit in that the recipient would otherwise have to pay the fees personally."[2] The present Court is of the view that any such divorce award in favor of one who could not comfortably pay the obligation herself or himself is a "support" award.

The stipulation that was placed before the matrimonial Referee made specific provision for a division of personal property; this was done as a matter separate (within the stipulation) from the provision for attorneys fees. It also made provision for an income deduction on the Debtor's wages, for child support, and an agreement by the Debtor to pay off the balance on his former wife's car. The matrimonial judgment incorporating this stipulation also awarded custody of the Debtor's two minor children to his former wife. Looking, then, at the types of indicia set forth in the *Shaver* case, and the fact that the June 21 stipulation itself spoke broadly of "counsel fees for representing his wife in this matter," it seems clear that the award was not a part of the "division of property" and was "in the nature of ... support." Although the present matter has not been tried, the Debtor has offered in response to the Motion for Summary Judgment no evidence whatsoever of a contrary intention as among the parties, the matrimonial Referee's report, or the ordering

---

[2] 1 Bankruptcy Service, L.Ed. § 10A:163, citing, inter alia, *In re Spong*, 661 F.2d 6 (2d Cir. 1981).

Justices. There appears to be no triable issue of fact.

The debt is declared non-dischargeable as a "support" obligation, and the Clerk shall enter judgment declaring that the money judgment previously obtained in state court is non-dischargeable in bankruptcy.[3]

SO ORDERED.

Dated: Buffalo, New York
       May 25, 1994

_____
U.S.B.J.

---

[3] I do not credit the Debtor's claim that he has been harassed by the plaintiff. Apparently, the two parties cross paths occasionally when exercising at the YMCA. They may have exchanged words. That does not constitute harassment of an innocent debtor by a creditor. In any event, harassment is punishable under 11 U.S.C. § 362(h), and does not bear on dischargeability.